# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KELLY SIMON** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-00738** |
| | § | |
| **THE TRAVELERS INSURANCE** | § | |
| **COMPANY OF AMERICA** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company (incorrectly sued herein as "The Travelers Insurance Company of America"), the defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

CAUSE NO. 201572551

RECEIPT NO.          0.00     MTA
        **********         TR # 73194078

| | |
|---|---|
| PLAINTIFF: SIMON, KELLY<br>         vs.<br>DEFENDANT: TRAVELERS INSURANCE COMPANY OF AMERICA | In The   127th<br>Judicial District Court<br>of Harris County, Texas<br>127TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TRAVELERS INSURANCE COMPANY OF AMERICA BY SERVING ITS REGISTERED AGENT
     CORPORATION SERVICE COMPANY
     OR WHEREVER IT MAY BE FOUND
     211 EAST 7TH STREET SUITE 620    AUSTIN TX 78701 - 3218
     Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>3rd day of December, 2015</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 4th day of December, 2015, under my hand and seal of said Court.

<u>Issued at request of</u>:
MCCLENNY, JAMES MARSHALL
26619 INTERSTATE 45 SOUTH
THE WOODLANDS, TX 77380
Tel: (713) 861-0015
<u>Bar No.</u>: 24091857

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: ANDERSON, SARAH A   Q36//10256355

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:00 o'clock P .M., on the 18th day of February , 2016

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                      _____

                      _____ of _____County, Texas

_____    By _____
          Affiant                                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                      _____
                               Notary Public

N.INT.CITR.P                           **\*73194078\***

12/3/2015 9:23:31 AM
Chris Daniel - District Clerk Harris County
Envelope No. 8065626
By: Sarah Anderson
Filed: 12/3/2015 9:23:31 AM

# 2015-72551 / Court: 127

## CAUSE NO. _____

| | | |
|---|---|---|
| **KELLY SIMON,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS INSURANCE** | § | |
| **COMPANY OF AMERICA,** | § | |
| *Defendant.* | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Kelly Simon (hereinafter "Plaintiff"), and complains of The Travelers Insurance Company of America (hereinafter "Travelers"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law.  Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Spring, in County County, Texas.

### PARTIES

3.      Plaintiff is an individual whose residence is located in Spring, Harris County, Texas.

---

4.　　Defendant Travelers is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

## BACKGROUND

5.　　This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 17614 December Pines Lane, Spring, Texas 77379, (the "Property"). In addition to seeking economic and penalty based damages from Travelers, Plaintiff also seeks compensation from Travelers for damages caused by improperly investigating the extensive losses associated with this case.

6.　　Plaintiff owns the Property.

7.　　Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Travelers to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through his residential policy 9928389116331, Plaintiff was objectively insured for the subject loss by Defendant.

8.　　On or around April 19, 2015, the Property suffered incredible damage due to storm related conditions.

9.　　In the aftermath, Plaintiff relied on Travelers to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.　Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question.

11.      Despite Plaintiff's efforts, Travelers continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.      Moreover, Travelers has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.      In the months following, Plaintiff provided information to Travelers, as well as provided opportunities for Travelers to inspect the Property. However, Travelers failed to conduct a fair investigation into the damage to the Property. Moreover, Travelers failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.      Despite Travelers' improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Travelers failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.      Travelers has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Travelers has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Travelers did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16. Travelers has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers in a timely manner.

17. Travelers has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers that failed to conduct a reasonable investigation. Ultimately, Travelers performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18. Travelers has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19. As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Travelers. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20. In addition, Travelers has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22. All acts by Travelers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or

ratification of Travelers and/or were completed in its normal and routine course and scope of employment with Travelers.

## CLAIMS AGAINST DEFENDANT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24. Travelers had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Travelers breached this duty in a number of ways, including but not limited to the following:

    a.   Travelers was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

    b.   Travelers had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

    c.   Travelers failed to properly complete all adjusting activities associated with Plaintiff.

25. Travelers' acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. According to the policy that Plaintiff purchased, Travelers had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

---

28. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29. Despite objective evidence of such damages, Travelers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Travelers' collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Travelers collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d. Using or employing an act or practice in violation of the Texas Insurance Code;

e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

---

f.   Failure to properly investigate Plaintiff's claim; and/or

g.   Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Travelers in low-balling and/or denying Plaintiff's damage claim.

32.   As described in this Original Petition, Travelers represented to Plaintiff that his insurance policy and Travelers' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.   As described in this Original Petition, Travelers represented to Plaintiff that its insurance policy and Travelers' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.   By representing that Travelers would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Travelers has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.   Travelers has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.   Travelers' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.    Travelers' conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.    Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Travelers to his detriment.  As a direct and proximate result of Travelers' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Travelers are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.    Because Travelers' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Travelers having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Travelers having intentionally committed such conduct.

40.    As a result of Travelers' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Travelers' actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Travelers engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

     a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

     b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

     c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

     d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

     e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

     f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Travelers, and Plaintiff relied upon these unfair or deceptive acts or practices by Travelers to his detriment.  Accordingly, Travelers became the insurer of Plaintiff.

44. As a direct and proximate result of Travelers' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Travelers' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Travelers having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Travelers having intentionally committed such conduct.

46. As a result of Travelers' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. By its acts, omissions, failures and conduct, Travelers has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting

---

and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49. Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Travelers is a proximate cause of Plaintiff's damages.

**F.**
**BREACH OF FIDUCIARY DUTY**

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. Travelers had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Travelers owed a duty of good faith and fair dealing to Plaintiff. Travelers breached that fiduciary in that:

      a. The transaction was not fair and equitable to Plaintiff;

      b. Travelers did not make reasonable use of the confidence that Plaintiff placed upon it;

      c. Travelers did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

      d. Travelers did not place the interests of Plaintiff before its own, and Travelers used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

      e. Travelers placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

      f. Travelers did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52. Travelers is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers' conduct.

### G.
### UNFAIR INSURANCE PRACTICES

53. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55. Such violations include, without limitation, all the conduct described in this Original Petition, plus Travelers' failure to properly investigate Plaintiff's claim. Plaintiff also includes Travelers' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Travelers' failure to pay for the proper repair of Plaintiff's Property, as to which Travelers' liability had become reasonably clear.

56. Additional violations include Travelers' hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Travelers' failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Travelers' misrepresentations of coverage under the subject insurance policy. Specifically, Travelers is also guilty of the following unfair insurance practices:

      a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

      b. Engaging in unfair claims settlement practices;

      c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Travelers' liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Travelers' conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    Travelers is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Travelers did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Travelers is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61. Plaintiff would show that Travelers perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Travelers fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63. By reason of Plaintiff's reliance on Travelers fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64. Plaintiff further alleges that because Travelers knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Travelers, and constitute conduct for which the law allows the imposition of exemplary damages.

65. In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66. Accordingly, Plaintiff requests that penalty damages be awarded against Travelers in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68. Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69. Travelers' acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70. More specifically, Plaintiff seeks monetary relief of over $100,000 but not more than $200,000.

## ADDITIONAL DAMAGES & PENALTIES

71. Travelers' conduct was committed knowingly and intentionally. Accordingly, Travelers is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74. Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Travelers disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1. Please produce Travelers complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Travelers claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Travelers intends to offer these items into evidence at trial.

## INTERROGATORIES

76. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

1. Please identify any person Travelers expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Travelers or Travelers' representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Travelers or any of Travelers' representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Travelers' investigation.

5. Please state the following concerning notice of claims and timing of payment:

6. The date and manner in which Travelers received notice of the claim;

    ii.   The date and manner in which Travelers acknowledged receipt of the claim;
    iii.  The date and manner in which Travelers commenced investigation of the claim;
    iv.   The date and manner in which Travelers requested from the claimant all items, statements, and forms that Texas Farmers reasonably believed, at the time, would be required from the claimant; and
    v.    The date and manner in which Travelers notified the claimant in writing of the acceptance or rejection of the claim.

7. Please identify by date, amount and reason, the insurance proceed payments made by Travelers, or on Travelers' behalf, to the Plaintiff.

8. Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

9. When was the date Travelers anticipated litigation?

10. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Travelers' document retention policy.

11. Does Travelers contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

12. Does Travelers contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

13. Does Travelers contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

14. How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

       i.     what performance measures are used; and
      ii.    describe Travelers' bonus or incentive plan for adjusters.

## CONCLUSION

77. Plaintiff prays that judgment be entered against The Travelers Insurance Company of America, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of The Travelers Insurance Company of America, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ James M. McClenny
**BILL L. VOSS**
Texas Bar No. 24047043
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Scanned: 2·16·16
Atty: VWM   Cal: ____
**TimeNet Entry:**   Y/N

**DVA Consulting Services**
**294 Misty Dawn Court**
**The Woodlands, TX 77385**





**CERTIFIED MAIL**®

7015 1520 0002 5662 6150

Travelers Insurance Company of America
c/o Corporation Service Company
211 East 7th Street, Ste. 620
Austin, TX  78701-3218

CAUSE NO.  2015-72551

| | | |
|---|---|---|
| KELLY SIMON | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS INSURANCE | § | |
| OF AMERICA | § | 127TH JUDICIAL DISTRICT |

<u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Travelers Home and Marine Insurance Company (incorrectly sued herein as "The Travelers Insurance Company of America"), the defendant in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Home and Marine Insurance Company (incorrectly sued herein as "The Travelers Insurance Company of America"), moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24093437
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

       I do hereby certify that on the 21st day of March, 2016, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

                                     /s/ Greg C. Wilkins
                                      Greg C. Wilkins

3/18/2016 9:46:42 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9672601
By: CAROL WILLIAMS
Filed: 3/18/2016 9:46:42 AM

## CAUSE NO. 2015-72551

| | | |
|---|---|---|
| **KELLY SIMON,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS INSURANCE** | § | |
| **COMPANY OF AMERICA,** | § | |
| *Defendant.* | § | **127TH JUDICIAL DISTRICT** |

---

### PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE AND §17.5051 OF TEXAS BUSINESS AND COMMERCE CODE WITH BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW,** Plaintiff Kelly Simon, through counsel, and files this Motion to Compel Mediation, in accordance with **§541.161** of the Texas Insurance Code and **§17.5051** of Texas Business and Commerce Code, in support of the same, Plaintiff would show unto this Honorable Court as follows:

### I. SUMMARY OF ARGUMENT

 1. This is a lawsuit regarding damage to an insured property.

 2. Pursuant to Texas Insurance Code **§541.161** and Texas Business and Commerce Code **§17.5051**, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

### II. ISSUE PRESENTED

 3. At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the

1

Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

### III. MOTION TO COMPEL MEDIATION

4.      To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.      Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.      Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the {Federal/State} Rules of Civil Procedure. Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code **§541.161** and Tex. Bus. & Com. Code **§17.5051**, paid in advance directly to the mediator, and taxed as costs.

7.      Plaintiff prays that this Honorable Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code **§541.161** and Texas Business and Commerce Code **§17.5051**.

### IV. BRIEF IN SUPPORT OF MOTION

8.      **§541.161(a)&(b)** of the Texas Insurance Code and **§17.5051(a)&(b)** of the Texas Business and Commerce Code state:

2

A party may, no later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **This court shall, no later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.      **§541.161(c)&(d)** of the Texas Insurance Code and **§17.5051(c)&(d)** of the Texas Business and Commerce Code state:

The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed unless:

**(1)** the parties agree otherwise; or

**(2)** the court determines that additional time not to exceed 30 days is warranted.

10.      Plaintiff has filed a pleading for relief under Texas Insurance Code **§541** and / or Texas Business and Commerce Code **§17** that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, for all reasons set forth above, Plaintiff prays that this Honorable Court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.


/s/  James M. McClenny
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**BILL L. VOSS**
Texas Bar No. 24047043
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
james@vosslawfirm.com
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

Chris Daniel - District Clerk Harris County
Envelope No. 9672601
By: CAROL WILLIAMS
Filed: 3/18/2016 9:46:42 AM

3/18/2016 9:46:42 AM

## CAUSE NO. 2015-72551

| | | |
|---|---|---|
| **KELLY SIMON,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS INSURANCE** | § | |
| **COMPANY OF AMERICA,** | § | |
| *Defendant.* | § | **127TH JUDICIAL DISTRICT** |

## ORDER GRANTING
## PLAINTIFF'S MOTION TO COMPEL MEDIATION

After considering Plaintiff Kelly Simon's Motion to Compel Mediation, this Honorable Court:

GRANTS Plaintiff's Motion to Compel Mediation,

ORDERS that mediation between the parties be completed no later than the _____ day of _____, 2016, and

ORDERS that the parties submit within fifteen (15) days of this Order a proposed mediator and location for mediation. If the parties do not submit a proposed mediator and location by the 15th day of the filing of this Order, this Court will appoint a mediator for the parties.

SIGNED this _____ day of _____, 2016.

_____
Honorable Judge